**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| YAMANGO JILES, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 00-CV-806-WDS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is a Report and Recommendation of United States Magistrate Judge Clifford J. Proud, recommending that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 be denied. Petitioner has filed an objection to the recommendation; therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will review *de novo* those portions of the recommendation to which a written objection was made.

Petitioner's § 2255 petition was dismissed by this Court on February 28, 2002. On appeal, the Seventh Circuit vacated this Court's judgment and remanded the matter for a hearing and reconsideration of whether petitioner was denied effective assistance of counsel in violation of the Sixth Amendment. The matter was referred to the magistrate judge for an evidentiary hearing, and report and recommendation. An evidentiary hearing was held, additional exhibits were accepted into evidence, and petitioner filed a supplemental brief. Familiarity with the underlying facts is presumed.

As set forth in the Report and Recommendation, petitioner claims that the following alleged errors, separately or together, denied him effective assistance of trial counsel:

       1.    Counsel failed to inform Jiles of the correct possible sentence if he elected to reject an offered plea bargain, causing Jiles to go to trial and receive a 282-month sentence.

    2.     Counsel failed to adequately investigate and interview witnesses who would have contradicted the government witness Corey Johnson, and exonerated Jiles:

        A.     Co-defendants Ray Legg, David Garnett, Lynn Green and Demetrius Murray would have all purportedly testified that Jiles was not part of conspiracy or drug activity; and

        C.[sic] Jiles's family members.

    3.     Counsel failed to inform Jiles of his right to testify at trial, and counsel misinformed Jiles that testifying would have opened the door to the admission of prejudicial information regarding a pending shooting charge– evidence that would have been inadmissable under Federal Rule of Evidence 609 because the defendant was never convicted of the charge.

    4.     Counsel failed to move for a mistrial or object to the government's claim that Jiles fled to avoid prosecution on the drug charge, when Jiles had fled state prosecution on [the] shooting charge, thereby allowing the jury to infer guilt relative to the drug charge.

    5.     Counsel failed to attempt to suppress tape recordings of non-testifying co-defendants Ray Legg and Lynn Green, resulting in Jiles being denied his right to confront witnesses, and permitting the jury to draw an inference of guilt, as the government's closing argument suggested they should.

    6.     Counsel failed to object to hearsay testimony from government witness Corey Johnson regarding what co-defendant Ray Legg allegedly told him about Jiles's role in the conspiracy.

(See, Doc. 44, pp. 2-3).

In his objection, petitioner only takes issue with a portion of the magistrate judge's conclusion with respect to the second ground above. Specifically, petitioner claims that the issue with respect to the testimony of his co-defendants was not his counsel's failure to interview his co-defendants, but rather, his counsel's failure to call those individuals as witnesses at trial.

The magistrate judge's discussion on this point, both comprehensive and conclusive, is as

follows:

> There is no dispute that plaintiff requested that co-defendants Ray Legg, David Garnett, Lynn Green and Demetrius Murry be called to testify at his trial. (Doc. 38, p. 22). Plaintiff believed they would each testify he (Jiles) was not part of the charged conspiracy or drug activity. (Doc. 38, p. 22; and Doc. 4, Affidavit of Jiles, ¶¶ 9 and 11). At attorney Delaney's request, the Court issued subpoenas for the four aforementioned co-defendants. (*See* Doc. 1, Exhibit I (Case No. 96-30087-10-WDS, Doc. 439)). However, the Court had cautioned Delaney to speak with the co-defendants' attorneys to make sure each co-defendant would not assert his Fifth Amendment right not to testify. (Doc. 38, pp. 24-25; and Doc. 37-1, Government's Exhibit 1). The four co-defendants never testified at trial because, as Delaney explained at the evidentiary hearing, their attorneys indicated that each of them would assert his Fifth Amendment right and would not testify. (Doc. 38, pp. 22, 25-26; Doc. 37-1, Government's Exhibit 2).
>
> Plaintiff submits affidavits from co-defendants Ray Legg, Garnett, Green and Murray, each indicating that they were willing to testify at trial that Jiles had no participation in the charged conspiracy, but Jiles' attorney never interviewed them. (Doc. 1, Exhibit H). Jiles argues that had Delaney spoken with the co-defendants, Delaney would have learned of their exculpatory testimony and realized that they were indispensable witnesses. Jiles further argues that his Sixth Amendment right to compulsory process and Fourteenth Amendment right to due process should have trumped any ethical prohibitions against Delaney speaking directly to the co-defendants and subpoenaing them as witnesses.
>
> Attorney Delaney did obtain subpoenas for Ray Legg, Garnett, Green and Murray, which suggests that Delaney was pursuing the defense Jiles desired. Of course, interviewing the codefendants to ensure they would testify favorably was reasonable, rather than risk doing severe damage had they inculpated Jiles or asserted their Fifth Amendment right not to testify in front of the jury. Delaney was ethically bound to explore the possibility of interviewing and calling Ray Legg, Garnett, Green and Murray to testify via their respective attorneys. ILCS S. Ct. Rules of Prof. Conduct, RPC Rule 4.2 (eff. Aug. 1, 1990). Had he interviewed those witnesses without the permission of their attorneys, he could have lost his license to practice law. Therefore, Delaney acted in accordance with the law and, therefore, reasonably in that respect.
>
> Assuming that co-defendants Ray Legg, Garnett, Green and Murray would have all testified that Jiles had no involvement in the charged conspiracy, their testimony would not necessarily have exonerated Jiles. As Delaney

3

> explained, he recognized and told Jiles that a jury could reasonably question the veracity of the co-defendants– who had all just been convicted. In addition, as outlined in a pretrial memorandum from Delaney to Jiles, after reviewing the discovery materials in Jiles' case and the evidence presented in his co-defendants' cases, "no less than 18 of the witnesses" implicated Jiles in the conspiracy, and there was a real possibility that some of the other nine co-conspirators would testify against Jiles. (Doc. 25, Exhibit 2B). Therefore, from Delaney's standpoint, given the totality of the circumstances, he acted reasonably and there is not a reasonable probability that the outcome would have been different.

(See, Doc. 44, pp. 7-8) (footnote omitted).

Petitioner has raised nothing in his objection that would cause the Court to question the findings of the magistrate judge with respect to counsel's failure to call petitioner's co-defendants as witnesses at trial. The Court agrees with the magistrate judge's assessment that interviewing the codefendants before calling them to testify, to ensure they would testify favorably, was reasonable, rather than risk doing severe damage had they inculpated petitioner or asserted their Fifth Amendment right not to testify in front of the jury, and that counsel was ethically bound to explore the possibility of interviewing and calling petitioner's co-defendants to testify via their respective attorneys. ILCS S. Ct. Rules of Prof. Conduct, RPC Rule 4.2 (eff. Aug. 1, 1990). Had he interviewed those witnesses without the permission of their attorneys, he could have lost his license to practice law.

Counsel testified at the evidentiary hearing that the attorneys for the co-defendants indicated that each of their clients would in fact assert his Fifth Amendment right not to testify. (Doc. 38, pp. 22, 26). Based on the foregoing, the Court finds that counsel's actions were in accordance with the law and rules of professional conduct, and therefore, the Court does not find any indication that counsel's performance was deficient.

Petitioner also takes issue with the magistrate judge's refusal to allow petitioner to call

his co-defendants as witnesses at the evidentiary hearing on this matter.  Petitioner claims that the Court should not rule on his petition without knowing precisely what his co-defendants would have testified to at trial.  However, the magistrate judge did accept into evidence and consider the affidavits submitted by petitioner from his co-defendants indicating that they would have been willing to testify at trial that petitioner had no role in the alleged conspiracy. (Doc. 1, Ex. H). The government stipulated that if those co-defendants appeared at the evidentiary hearing, they would testify consistent with their affidavits, and accordingly, the magistrate judge rightfully concluded that it was unnecessary for them to appear to testify. (See, Doc. 36).

Accordingly, the Court **OVERRULES** petitioner's objection and **ADOPTS** the Report and Recommendation of Magistrate Judge Proud.  The § 2255 petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   July 19, 2005.**

s/ WILLIAM D. STIEHL
**DISTRICT JUDGE**